

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2007

# Furline v. Administrator FAA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4981

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Furline v. Administrator FAA" (2007). *2007 Decisions.* Paper 470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4981
_____

JOHN J. FURLINE, Petitioner

v.

MARION BLAKEY, Administrator, Federal Aviation Administration; NATIONAL
TRANSPORTATION SAFETY BOARD
_____

On a Petition For Review of an Order of the National Transportation Safety Board
Docket SE - 17279
Chief Administrative Law Judge: William E. Fowler, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
September 5, 2007

BEFORE: RENDELL, HARDIMAN and COWEN, <u>CIRCUIT JUDGES</u>

(Filed:  September 6, 2007)
_____
OPINION
_____

PER CURIAM

       Respondent, the Federal Aviation Administration ("FAA"), suspended John

J. Furline's airman's certificate for 180 days.  The order was subsequently upheld by

Chief Administrative Law Judge William E. Fowler, Jr.  Furline's appeal to the full

National Transportation Safety Board ("NTSB") was denied.  Subsequently, Furline filed

a pro se petition for review of the NTSB order.  We will deny Furline's petition for

review.

I.

On September 17, 2003, Furline was administering a biennial flight review to the other occupant in his aircraft, Nardo J. Berardinelli. According to the FAA, upon final approach to Rostraver Airport, Furline operated his aircraft too close to another aircraft that had just landed at the airport, such that it created a collision hazard. Specifically, the FAA found that while Furline was on final approach to land at Rostraver Airport, another aircraft was practicing a "soft-field" landing on the runway.[1] This aircraft made a right turn off of the runway onto the taxiway. The FAA found that while Furline executed a "go-around," he operated his aircraft in such a way that was careless or reckless in that Furline overflew the aircraft on the taxiway, and that his actions endangered the lives and property of others. Accordingly, the FAA issued an order suspending Furline's airman's certificate for 180 days. The FAA found that Furline had violated 14 C.F.R. §§ 91.111(a), 91.113(b), 91.113(f) and 91.13(a).[2]

---

[1] Based on testimony in the record, a "soft-field" landing requires more runway than one would normally use.

[2] Section 91.111(a) states that "[n]o person may operate an aircraft so close to another aircraft as to create a collision hazard." Section 91.113(b) states that "[w]hen weather conditions permit, regardless of whether an operation is conducted under instrument flight rules or visual flight rules, vigilance shall be maintained by each person operating an aircraft so as to see and avoid other aircraft. When a rule of this section gives another aircraft the right-of-way, the pilot shall give way to that aircraft and may not pass over, under, or ahead of it unless well clear." Section 91.113(f) states that "[e]ach aircraft that is being overtaken has the right-of-way and each pilot of an overtaking aircraft shall alter course to the right to pass well clear." Finally, section 91.13(a) states that "[n]o person

Furline appealed this order to the NTSB. An evidentiary hearing was conducted before Judge Fowler on August 3, 2005. This hearing included the testimony of (among others) the two people in the aircraft exiting the runway, as well as Furline and Berardinelli. Judge Fowler affirmed the FAA's order of suspension. Furline appealed this order to the full NTSB. On June 5, 2006, the NTSB denied Furline's appeal. While it noted some inconsistencies in the testimony, it found that Judge Fowler took all of the testimony into account in affirming the FAA order of suspension.

Subsequently, Furline filed a motion to stay as well as a motion for reconsideration with the NTSB. On November 15, 2006, the NTSB denied Furline's motions. On December 4, 2006, Furline filed a petition for review in this Court.

II.

We have jurisdiction pursuant to 49 U.S.C. § 1153. We review the NTSB's factual findings according to the "substantial evidence" standard of review. See 49 U.S.C. §§ 1153(b)(3) and 44709(f). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . taking into account whatever in the record fairly detracts from its weight." Ickes v. F.A.A., 299 F.3d 260, 264 (3d Cir. 2002)(per curiam)(internal quotation marks and citations omitted). see also Consol. Edison Co. of N.Y v. N.L.R.B., 305 U.S. 197, 217 (1938). Furthermore, "we must rely on the ability of the hearing officer to make judgments on witnesses'

may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another."

3

credibility." Air East, Inc. v. Nat'l Transp. Safety Bd., 512 F.2d 1227, 1233 (3d Cir. 1975).

III.

At the outset, we note that it appears that Furline's 180-day suspension has expired. While neither party has raised the issue, this Court must first analyze whether the appeal is moot. See St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 537 (1978)(citing Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 7-8 (1978); Sosna v. Iowa, 419 U.S. 393, 398 (1975)). Here, the reinstatement of Furline's airman's certificate does not present the problem of mootness because of the possible collateral consequences of the findings affirmed by the NTSB. See, e.g., Administrator v. Robinson, 1 NTSB 739 (1970)(revocation sought in part where Administrator argued that continuing pattern of misconduct demonstrated disregard of and lack of compliance with Federal Aviation Regulations); cf. In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003)(attorney suspension was not moot because continuing stigma associated with the suspension constituted possible collateral consequences).

We have thoroughly reviewed the record in this case and conclude that substantial evidence exists for the NTSB's order. For example, the NTSB credited Berardinelli's testimony that Furline took control of the aircraft at 100 feet. Furthermore, the NTSB credited Berardinelli's testimony that he would have continued to go straight and climb out, rather than bank right towards the aircraft on the taxiway. Additionally, the NTSB noted that the witnesses in the plane on the ground testified that they feared for

4

their safety due to Furline's actions. As such, Furline's petition for review is denied.

Furline's request to testify in person is denied.